**WHITE & CASE**

September 4, 2025

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
**T** +1 212 819 8200

**whitecase.com**

**VIA CM/ECF**

Hon. Brendan A. Hurson
101 West Lombard Street
Chambers 3D
Baltimore, MD 21201

Re:    **In re Elanco Animal Health Inc. Sec. Lit., Case No. 1:24-cv-02912-BAH**
       **Defendants' Response to Plaintiffs' "Notice of Supplemental Authority"**

Dear Judge Hurson:

We represent Defendants Elanco Animal Health Incorporated, Jeffrey N. Simmons, and Todd S. Young ("Defendants") in the above-captioned case. We write in response to the filing submitted by Plaintiffs on August 27, 2025 styled as a "Notice of Supplemental Authority in Support of Opposition to Motion to Dismiss" (ECF No. 47) (the "Notice"), which raises arguments regarding the District of New Jersey's recent opinion in *Levon v. CorMedix, Inc.*, No. CV 21-14020 (JXN) (CLW), 2025 WL 2400346 (D.N.J. Aug. 19, 2025) ("*CorMedix II*"). Defendants respectfully request that the Court disregard the Notice because rather than just raise recent authority, the Notice advances substantive arguments and is effectively an improper surreply which "is not permitted to [be filed] without permission of the court." *Cordish Companies, Inc. v. Affiliated FM Ins. Co.*, 573 F. Supp. 3d 977, 988-89 (D. Md. 2021) (citing D. Md. L.R. 105.2(a)). Here, Plaintiffs' Notice asserts three categories of substantive arguments regarding forward-looking statements, cautionary statements, and scienter, repeatedly quotes *CorMedix II*, and analogizes *CorMedix II* to this case within each argument. Notice at 1-2. Accordingly, the Court should decline to consider the Notice because Plaintiffs have "wad[ed] into the waters" of "analysis [and] interpretation." *Cordish*, 573 F. Supp. 3d at 989-90.

To the extent the Court considers the Notice, *CorMedix II* is readily distinguishable. Unlike in this case, the defendants in *CorMedix II* allegedly made misrepresentations regarding their "ability to secure FDA approval" for a product, "despite their awareness of [an] Audit" that concluded that their manufacturing facility "would never be able to pass an FDA inspection." 2025 WL 2400346, at *2, 5. As discussed in Defendants' Motion to Dismiss briefing, Plaintiffs have not alleged any facts suggesting that one vaccine study as part of the FDA submission for Zenrelia was likely to affect the timing and outcome of the FDA approval process—let alone necessitate a box warning. (ECF 37-1 at 13). For the same reasons, Elanco's risk warnings were meaningful and Elanco's forward-looking statements concerning the approval and future commercial prospects of Zenrelia are protected by the PSLRA safe harbor. (*See, e.g.*, ECF 46 at 7-9). Plaintiffs also cite *CorMedix II* to argue that the allegations based on FE-1 establish scienter, Notice at 2; however, the former employees in *CorMedix II* were either directly involved in the audit at issue

Hon. Brendan A. Hurson
September 4, 2025

or had direct access to the audit report. 2025 WL 2400346, at *21. Here, FE-1 had no contact with the Individual Defendants, left before the class period, and admittedly had no role in or personal knowledge of Zenrelia. (ECF 46 at 11).

For the foregoing reasons, Defendants respectfully request that the Court disregard the Notice.

Respectfully Submitted,


 */s/ Scott Lerner*
Scott Lerner (D. Md. Bar No. 13327)
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
Tel. (202) 636-3600
Fax (202) 639-9355
scott.lerner@whitecase.com

Stacy Nettleton (*admitted pro hac vice*)
Susan L. Grace (*admitted pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Tel. (212) 819-8200
stacy.nettleton@whitecase.com
susan.grace@whitecase.com

*Counsel for Defendants Elanco Animal
Health Incorporated, Jeffrey N. Simmons,
and Todd S. Young*